**UNITED STATES v. REGINELLI.**
No. 8114.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 6, 1942.

Decided Jan. 25, 1943.

Writ of Certiorari Denied April 5, 1943.
See 63 S.Ct. 856, 87 L.Ed. ——.

William A. Gray, of Philadelphia, Pa. (Carl Kisselman, of Camden, N. J., on the brief), for appellant.

John L. Morrissey, Asst. U. S. Atty., of Trenton, N. J. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., and W. Orvyl Schalick, Asst. U. S. Atty., of Camden, N. J., on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The appellant was tried upon an indictment in three counts for alleged violation of the White Slave Law of 1910 (the Mann Act) as amended, 18 U.S.C.A. §§ 398, 399.

At trial, the court dismissed one of the counts and submitted the case to the jury on the remaining two (the first and third) with instructions that, if the jury found the defendant guilty of an offense under the indictment, it could not convict on both counts but only upon one of them. The defendant took no exception to the limitation which the court thus placed on any possible verdict of guilt. The jury found the defendant guilty on the first count and not guilty on the third. As the appellant urged at bar that the verdict of guilt on one of the counts and of acquittal on the other was inconsistent, we shall treat with this contention, in passing, before coming to the other questions raised.

Any inconsistency in the verdict, if such there be, is directly attributable to the trial court's specific instructions rather than to any want of logic on the part of the jury. The trial judge had charged, in this connection, that "* * * you cannot find a verdict of guilty on both the first and third counts, as they all arise out of the same set of circumstances. * * * if you come to the conclusion that he is guilty of an offense on either of them you must render your verdict of guilty on that one and not guilty on the other." The jury, finding the defendant guilty on the first count, had no alternative, therefore, but to find him not guilty on the third count as the court's charge had expressly enjoined in the particular situation. Furthermore, even if the instruction was erroneous, it did not constitute reversible error. Its only effect, in the light of the jury's verdict, was to save the defendant from a finding of guilt on both counts. Not possibly can he justifiably assert that the instruction was harmful to him. It deprived him of no substantial right. Consequently, even if erroneous, the instruction does not qualify as the type of error necessary to justify a new trial. Act of Mar. 3, 1911, c. 231, § 269, 36 Stat. 1163, as amended by the Act of Feb. 26, 1919, c. 48, 40 Stat. 1181, 28 U.S.C.A. § 391.

The propositions of law whereon the appellant principally relies are (1) that the evidence was insufficient to support a verdict of guilt and (2) that the Mann Act is not applicable to a case where no commercial element is involved in the immoral purposes for which a woman is transported in interstate commerce. No error is assigned either with respect to the admission or rejection of evidence at trial or as to the language of the court's submission of the case to the jury. It is the appellant's contention that the case should not have been submitted to the jury at all for either of the two reasons above stated.

We need treat but briefly with the contention that the Mann Act does not apply where no commercial or profit motive is involved in the interstate transportation of a woman for immoral purposes. The decision of the Supreme Court in Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann. Cas.1917B, 1168, flatly rules that point adversely to the appellant's contention. The same argument, as to the alleged restricted scope of the Mann Act, which the appellant now makes, based on the same references to the legislative history of the Act, was advanced in the Caminetti case and was rejected by a majority of the Supreme Court in an opinion which leaves us no other course than to overrule the appellant's contention. We have then to consider whether the evidence adduced by the government was sufficient to support the jury's verdict of guilt.

The count in the indictment, whereof the defendant was convicted, alleged that on or about February 2, 1942, the defendant "did wilfully, unlawfully and feloniously, knowingly aid and assist in obtaining transportation for and in transporting in interstate commerce" from Camden, New Jersey, to Miami, Florida, by means of common carriers, "a certain woman * * * with intent and purpose in the said * * * [defendant] to induce, entice and compel the said * * * [woman] to engage in an immoral practice, to wit, the practice of illicit sexual intercourse with him", contrary to the statute in such case made and provided, etc.

The following facts were established by direct proof. In the latter part of January 1942, Reginelli, the defendant, a resident of Camden, New Jersey, left there for a visit in Miami, Florida, having apprised the woman, also a resident of Camden, New Jersey, of his contemplated trip. En route south he sent her a telegram in endearing terms and upon arriving in Miami he again telegraphed her in like vein and also informing her of his arrival. The succeeding day (January 23, 1942) he telegraphed her giving her his hotel address, expressing the wish that she were there and stating that he would call her by telephone that evening, which he did. From then until February 2, 1942, he called her by telephone four additional times and talked with her on each occasion. One of the matters discussed in the telephone conversations was the prospect of her going to Miami while he was there. Acting in pursuance of the understanding arrived at with Reginelli by telephone, the woman went by taxicab from Camden, New Jersey, to a mid-city hotel in Philadelphia where she took the bus to the Philadelphia airport. At the airport she boarded an airplane for Miami, Florida, upon a ticket and under reservations which Reginelli himself had procured and paid for as he had told her he would do. Upon her arrival at the airport in Miami she was met by Reginelli

and with him rode in his automobile to his hotel in Miami Beach. She went to his room in the hotel and continued to live there during the whole of her ten day sojourn in Miami. During that time she and Reginelli occupied the same bed in his room and had sexual relations.

■■ The jury was free to accept the facts as above related, which in the main came from the woman as a witness. The appellant insists, however, that the jury could not accredit so much of the woman's oral testimony unless they also accepted as verity the witness' further testimony that the idea of her going to Florida to join Reginelli originated with her and that he had frowned upon it, and also that he had objected to her going to his room when they arrived at his hotel in Miami. The probabilities of the woman's testimony were for the jury whose duty it was to accept and interpret such thereof as seemed credible and to reject the improbable. Cf. United States v. Simon, 3 Cir., 119 F.2d 679, 682. Only by assuming the jury's province could the court have declared that Reginelli's opposition to the woman's trip to Miami and to her sharing his room with him while there, as related by the woman, was real and that it excluded Reginelli from participation in the woman's interstate transportation and its purpose. Opposed to any such conclusion, there is Reginelli's telegram expressing his wish that she were in Miami and the further facts that it was he who made all necessary arrangements and provisions for her transportation from the north; that he was expectantly awaiting her arrival at the Miami airport; and that, without having procured a separate room for her, he went directly with her to his hotel and to his room where he thereafter engaged her in immoral practices.

The appellant contends that, inasmuch as an immoral purpose in causing a woman to be transported in interstate commerce is an essential ingredient of the offense denounced by the statute, it was incumbent upon the government to prove by direct evidence that the illicit relations indulged in by the defendant with the woman after her arrival in Miami was the purpose for which he had caused her to be transported there. He then argues that, in the absence of such direct proof, a proper purpose for the transportation is as readily inferable from the evidence in the case as is an immoral purpose and that, consequently, he

was entitled to a directed verdict of acquittal under the widely recognized rule applicable to cases of circumstantial evidence, e. g. United States v. Russo, 3 Cir., 123 F.2d 420, 423. It should be noted that it was only the defendant's purpose in bringing about the woman's transportation that needed to be inferred. As already appears, the facts as to the interstate transportation and the immoral practices were directly proven by the oral testimony of witnesses.

■ That the intent, motive, or purpose necessary for the establishment of a crime may rest in inference hardly requires citation of authority. In Hammond v. United States, 75 U.S.App.D.C. 397, 127 F.2d 752, 753, upon which the appellant largely relies, the court recognized that the alleged offender's "intent can only be determined by his acts". That was a case of conviction of assault with intent to commit rape. The reason for the reversal in the Hammond case was because the record was barren of any facts from which an intent to commit rape, as distinguished from some other immoral offense, could be inferred.

■ True enough, the interstate transportation which the Mann Act makes penal is only such as is undertaken or initiated for the purpose of effecting, aiding, or facilitating prostitution, debauchery, or other immoral practices. Fisher v. United States, 4 Cir., 266 F. 667, 670. But the purpose for which the interstate transportation is enlisted may be inferred from the conduct of the parties within a reasonable time before and after the transportation. See Neff v. United States, 8 Cir., 105 F.2d 688, 691. In Grayson v. United States, 8 Cir., 107 F.2d 367, 370,—a prosecution under the Mann Act,—the Court of Appeals had no doubt that "inferences as to intent may be gathered from subsequent acts and conduct."

■ Under the evidence in the instant case the jury was warranted in inferring from the conduct of the parties that the defendant's purpose in utilizing facilities of interstate commerce for the transportation of the woman to Miami was so that he might have sexual intercourse with her there. The jury was under no legal compulsion to accept as final the woman's testimony that it was she who instigated the trip and that the defendant did not want her to stay in his room in Miami. And, once the jury disbelieved or deemed inconsequential the portion of the woman's testi-

mony tending to exculpate the defendant, there was nothing in the case to suggest even a want of unlawful purpose on the part of the defendant; and the otherwise justifiable inference of his unlawful purpose thereupon stood unrefuted. In any event, the portion of the woman's testimony which counsel stresses as freeing the defendant of an unlawful purpose was at best but slight evidence of what was actually in the defendant's mind, so that, even accepting the whole of her testimony at face, it was still for the jury to determine from all of the proven facts what the defendant's purpose was in having the woman transported to Miami. Cf. Shama v. United States, 8 Cir., 94 F.2d 1, 4, and cases there cited.

■ In the circumstances thus shown, the trial court would not have been warranted in declaring, as a matter of law, that a lawful purpose on the part of the defendant for the transportation was as inferable from the evidence in the case as an immoral purpose. It was the jury's province to appraise the credibility of the witnesses and to interpret the true import and intendment of the oral testimony. Consequently, so far as any inference of legitimate purpose on the defendant's part was to be drawn from the evidence, it was for the jury to draw, and the defendant got at least all he was entitled to when the trial court affirmed his twelfth request for charge, and charged accordingly, that "The evidence introduced against the defendant is circumstantial and when a charge of crime is sought to be sustained by circumstantial evidence, the evidence must be such as to exclude to a moral certainty every hypothesis but that of guilt and the facts and circumstances must not only be consistent with and point to the guilt of the accused, but they must be inconsistent with his innocence before you can convict. The evidence must point to guilt, and to guilt alone, before you may convict." In the light of this instruction, the jury's verdict clearly implied their finding that the credible evidence established the defendant's immoral purpose, and no lawful purpose, in having the woman transported in interstate commerce. The evidence in the case

was sufficient to justify the exclusive inference.

Nor do the cases which the appellant cites hold that a trial court is required to direct a verdict of acquittal where the defendant's immoral purpose in transporting a woman in interstate commerce is not directly proven but depends upon inference drawn from the evidence in the case.

■ In the Caminetti case, supra, 242 U.S. page 491, 37 S.Ct. page 197, 61 L. Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168, the Supreme Court said that the Mann Act "seeks to reach and punish the *movement in interstate commerce* of women and girls *with a view* to the accomplishment of the unlawful purposes prohibited." (Emphasis supplied.) Accordingly, it has since been generally held that illicit sexual relations merely incidental to or consequent upon the interstate transportation of a woman do not constitute a violation of the Act where the transportation was undertaken for a proper and legitimate purpose and without relation to an indulgence in immoral practices. Most of the cases which the appellant cites to that effect are reviewed in Yoder v. United States, 10 Cir., 80 F.2d 665, 670, et seq.[1] While unquestionably the gist of the offense under the Act is interstate transportation for the accomplishment of the prohibited purpose, we do not understand any of the cited cases to hold that the initial unlawful purpose may not be established circumstantially where the evidence which the jury is free to accept is sufficient to support such an inference to the exclusion of an inference of lawful purpose. The inferences to be drawn from the evidence and their relative merit or weight remain matters for the jury. Thus, in the Yoder case, supra, where the judgment of conviction was reversed and the case remanded for a new trial, the defendant's evidence with its implications of legitimate purpose for the particular transportation was virtually excluded from the jury's consideration when the trial judge "charged in substance that whatever may have been the reason that brought about the trip, there must be a conviction if [the defendant] intended to have sexual commerce with her

---

[1] Hunter v. United States, 4 Cir., 45 F.2d 55, 56, 73 A.L.R. 870; Alpert v. United States, 2 Cir., 12 F.2d 352, 354; Sloan v. United States, 8 Cir., 287 F. 91, 92; Thorn v. United States, 8 Cir., 278 F. 932, 933; Fisher v. United States, supra; Biggerstaff v. United States, 8 Cir., 260 F. 926, 928; Van Pelt v. United States, 4 Cir., 240 F. 346, 349; Welsch v. United States, 4 Cir., 220 F. 764, 769.

while away." None the less, the Court of Appeals noted (80 F.2d page 670) that the issue as to the purpose of the transportation should have been left to the jury to decide. In the instant case that issue was submitted to the jury in a charge eminently fair to the defendant to which he took no exception. Nor do any trial errors otherwise appear. The evidence in all essential elements is sufficient to support the jury's verdict of guilt.

The judgment of the District Court is affirmed.