## HASKETT v. UNITED STATES.

### No. 10612.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1944.

Samuel Mirman, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, Harry Gleeland Haskett, was convicted of violating the Mann Act § 4, 18 United States Code Annotated § 400, was given a federal penitentiary sentence, and he appeals. In his opening brief he makes the following points:

1. That the district court erred in submitting the case to the jury for the reason that the evidence was insufficient to support the charges in the indictment.

2. That the district court erred in failing to hold that the proof was insufficient to sustain a conviction under the indictment.

3. That the district court had no jurisdiction to impose sentence since neither the district court nor the United States had jurisdiction of the offenses proved.

We treat all three points together.

Although some of the following facts were denied by appellant from the witness stand, it was admitted in the argument that the evidence supports all of them.

Dorothy Josephine Markley was born November 4, 1929, to Alma Markley, who, on October 16, 1941, became the wife of appellant. Sometime after the marriage and before February 15, 1943, appellant had sexual intercourse with Dorothy. On February 16, 1943, the wife either went or was sent away from the town of the family residence, and on the following day, without being married to her, appellant took Dorothy from Muncie, Indiana, to Evansville, Indiana, where, he represented to Dorothy, her Mother had gone—thence to Chattanooga, Tennessee, thence to Tucson, Arizona, and thence to San Bernardino, California, where he was arrested. At all of the places mentioned he had sexual intercourse with the girl.

Appellant testified that the trip to Tennessee was at Dorothy's request, that the trip to Arizona was for Dorothy's health, and that the trip to California was to locate a baby, the child of appellant's and his wife's, and that no intimacy occurred.

It is clear that the jury disbelieved these explanations and inferred from the evidence that appellant went from place to place, from one state to another, upon his own convenience and for his own purpose, and by persuasion, inducement and enticement took the girl with him for immoral

purposes. The evidence supports such inferences.

None of the points made on appeal are meritorious. United States v. Reginelli, 3 Cir., 1943, 133 F.2d 595; Tedesco v. United States, 9 Cir., 1941, 118 F.2d 737; Caminetti v. United States, 1917, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168.

Affirmed.