## PROCTOR et al. v. UNITED STATES.

### No. 11004.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1944.

Rehearing Denied Jan. 13, 1945.

Writ of Certiorari Denied March 26, 1945.

See 65 S.Ct. 867.

Bernard A. Golding and Abe Gollob, both of Houston, Tex., for appellants.

Brian S. Odem, U. S. Atty., and James K. Smith, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

J. M. Proctor, Jr., and Almond James Jones were indicted jointly on three counts, the charge being (1) conspiracy to transport or cause to be transported in interstate commerce two females from Houston, Texas, to New Orleans, Louisiana; (2) and (3) substantive offenses in violation of Section 2 of the Mann Act, 18 U.S.C.A. § 398, in that they transported or caused to be transported two girls from Houston, Texas, to New Orleans, Louisiana, for the purpose of prostitution and debauchery.

Proctor and Jones were both convicted on all three counts of the indictment. Thereupon they were sentenced under the conspiracy count to serve a term of two years imprisonment, and on the other two counts two years imprisonment on each count, the sentence as to these two counts to run concurrently; the sentence imposed on counts two and three were suspended for the term of five years, conditioned upon defendants' good behavior.

The two defendants gave statements to an officer which, when considered with the other evidence, point unerringly to their guilt of transporting the two females in question to New Orleans for immoral purposes. They met in Houston, Texas, and planned and agreed to go to New Orleans in the automobile of J. M. Proctor, Jr., and they were accompanied on the trip by a third man who was not indicted. The party of five traveled all night, each of the three men taking turns at the wheel. One of the girls testified that she knew they were going to New Orleans for immoral purposes. The party arrived in New Orleans on the next day, and about 1 o'clock in the afternoon registered at a hotel, Proctor and one of the girls registering as man and wife, Jones and the other girl also registering as man and wife. They spent four days and four nights in New Orleans and while there the evidence further shows that both girls filled dates and practiced prostitution, the dates being made by bell boys and at the instance of the defendants; the defendants invited two other young girls to come to their rooms and an altercation arose between the girls and the house detective of the hotel entered one of their rooms to quell and settle the disturbance; at about 2 o'clock in the

morning, and after the altercation between the girls, the entire party left the hotel, and Proctor left without claiming his baggage or paying his hotel bill. One of the girls was paid about the sum of $34.00 for practicing prostitution and she gave this money to Proctor, and when they arrived back in Houston he gave her $1.00.

When the evidence is measured to the definition of conspiracy and to the substantive offenses charged in the two additional counts, it becomes manifest that the jury was warranted in finding the defendants guilty as charged on all three counts of the indictment. 18 U.S.C.A. § 88; 18 U.S.C.A. § 398; Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 87 L. Ed. 23; Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674; Shama v. United States, 8 Cir., 94 F.2d 1; United States v. Reginelli, 3 Cir., 133 F. 2d 595; Brent v. United States, 5 Cir., 131 F.2d 861.

We find no reversible error in the record and the judgments are

Affirmed.