**DUNN v. UNITED STATES.**

No. 4234.

United States Court of Appeals, Tenth Circuit.

June 28, 1951.

Arthur Woolley, Ogden, Utah, on the brief for appellant.

Scott M. Matheson, U. S. Atty. and Bryant H. Croft, Asst. U. S. Atty., Salt Lake City, Utah, on the brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The first count in the indictment in this case charged Jack Abner Dunn with the transportation of a named woman in interstate commerce from Helper, Utah, to Missoula, Montana, for the purpose of prostitution and debauchery, in violation of the White Slave Traffic Act, 18 U.S.C. § 2421. Found guilty of the charge and sentenced to imprisonment, the defendant appealed.

The Act makes penal the transportation of a woman or girl in interstate commerce for the purpose of prostitution or debauchery. It is directed at the transportation of females in interstate commerce for such illicit practices. It has for its purpose the prevention of the use of interstate commerce as a calculated means of effectuating immoral conduct of that kind. An essential constituent element of offense is an intent and purpose on the part of the accused that the female transported in interstate commerce shall engage in such immoral conduct. And without that necessary intent, purpose, and motive, an accused is not guilty of an offense under the Act. Hansen v. Haff, 291 U.S. 559, 54 S.Ct. 494, 78 L.Ed. 968; Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.

But it is not necessary to a conviction under the Act that the sole and single purpose of the transportation of a female in interstate commerce was such immoral practices. It is enough that one of the dominant purposes was prostitution or debauchery. It suffices if one of the efficient and compelling purposes in the mind of the accused in the particular transportation was illicit conduct of that kind. The illicit purpose denounced by the Act may have coexisted with other purpose or purposes, but it must have been an efficient and

compelling purpose. Long v. United States, 10 Cir., 160 F.2d 706; Simon v. United States, 4 Cir., 145 F.2d 345; Mellor v. United States, 8 Cir., 160 F.2d 757, certiorari denied, 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858. The necessary intent, purpose, and motive on the part of the accused may be proved by circumstantial evidence. And as bearing upon that essential element of the offense, the conduct of the parties within a reasonable time before and after the transportation may be taken into consideration. Long v. United States, supra; Tedesco v. United States, 9 Cir., 118 F.2d 737; United States v. Reginelli, 3 Cir., 133 F.2d 595, certiorari denied, 318 U.S. 783, 63 S.Ct. 856, 87 L.Ed. 1150.

■ Evidence was adduced upon the trial of this case which tended to establish these facts. Appellant was a married man. The woman was employed as a waitress in a cafe in Ogden, Utah. They became acquainted there. After associating together for a short time, he asked her how she would like to go to work as a prostitute and make some money. She agreed, and they went to Helper. A man named Bill Tami and his wife went with them. The trip was made in appellant's automobile. Upon arriving in Helper, appellant and the woman went to a place called the Cozy Rooms. He went in first. He returned and told her that the woman in charge wanted to talk with her. She entered, talked with the woman, and began working as a prostitute. He left the next day, telling her that he was going to some place in the State of Washington. Sometime later in the month he contacted her by long distance telephone, inquired how she was getting along, and told her that he was coming to Helper. He came and asked her if she liked it there or preferred to go to some other place. She replied that she did not know. They went from Helper to Salt Lake City. Either in Helper or in Salt Lake City, she gave him some of the money she had earned as a prostitute. While in Salt Lake City he made some telephone calls to inquire if any girls were needed. And he gave her a book containing some names and telephone numbers and suggested that she see if she could get herself a job. Using the names and numbers in the book, she called by long distance telephone one place in Montana and one in Nevada to inquire if any girls were needed. They then went from Salt Lake City to Brigham City and there picked up his automobile. Tami was with them. The three of them went from Brigham City to Twin Falls. The wife of Tami joined them there and the two couples went to Missoula. The journey from Brigham City to Missoula was made in appellant's automobile. Upon arriving in Missoula they stopped at a tourist court and remained there two or three days. The next day after arriving in Missoula, appellant and the woman drove up in front of the Brunswick Hotel and parked. He told her that it was the place; told her that he had been there and had seen the landlady; and told her that she should go in and talk with the landlady. She went in, saw the landlady, went to work as a prostitute, worked about two weeks, and gave him thirty dollars of the money earned in that manner. Appellant testified that the purpose of making the trip into Montana was in order for him and Tami to fish there, and that the woman went along at her request. And at one place in her testimony, she testified that when they started out they did not intend to go to Montana—just ended up there. But the evidence together with the inferences fairly to be drawn from it, considered as a whole, was abundantly sufficient to sustain the verdict and judgment.

■ The action of the court in admitting in evidence a registration record of a motor lodge in Price, Utah, is challenged. It is argued that the record was not sufficiently identified, was not connected up in any manner, and was incompetent. The record contained the names of Bill Tami & wife, and Jack A. Dunn & wife, gave their address as Brawley, California; gave the make of the car as Hudson; and gave the license number as 4Z3199. The motor lodge was conducted by a man and his wife. She produced the record and testified that it was a card of the lodge but that she did not remember appellant; and she was unable to connect him with it. At that juncture, the card was tendered in evidence but the court declined to admit it. Later a similar registration card of the tourist court in

Missoula was produced. It contained the name Jack A. Dunn, address, Brawley, California, number in party 4, license number 4Z3199, and make of car Hudson. And there was definite testimony that appellant registered at that court, and that the woman was with him. When that evidence had been introduced, the record made at Price was again offered in evidence, no objection was interposed, and it was admitted. Having failed to object when the record was tendered the second time, appellant cannot complain of its admission. While we think that in view of all the evidence in the case, including the marked similarity between the two registration records, the record made at Price was admissible, conceding without deciding that on technical grounds it was inadmissible, the error was inoccuous and harmless.

The judgment is affirmed.