HARDIE v. UNITED STATES.
No. 14352.

United States Court of Appeals
Fifth Circuit.
Dec. 29, 1953.

Samuel M. Rosenzweig, Pittsburgh, Pa., for appellant.

Louise Foster, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Washington, D. C., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

Spurgeon E. Bell, Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., William R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of conviction upon a two-count indictment charging appellant with causing a certain woman, named Geneva Slaughter, to be transported by common carrier in interstate commerce from Columbia, Tennessee, to Houston, Texas, for the pur-

pose of engaging in prostitution, in violation of Sections 2421 and 2422, Title 18, of the United States Code. The jury returned a verdict of guilty upon both counts, and the appellant was sentenced generally to imprisonment for a period of three years.

Said Geneva Slaughter was originally from Columbia, Tennessee. Several years prior to the time of the offense charged, which was in 1952, she had gone to Houston, Texas, and had worked in various houses of prostitution where, according to his oral confession, she had been placed by the appellant, who received most of the proceeds from her operations as a prostitute. In June, 1952, the appellant took Geneva from Houston to her home in Columbia, Tennessee. After staying there several days, he returned to Texas, leaving her in Columbia. On or about June 16, 1952, Geneva telephoned the appellant in Houston and asked him to send her some money, which request, according to her testimony, was refused. On June 16, 1952, a telegram signed by appellant was sent from Houston, Texas, to Columbia, Tennessee, addressed to Geneva Slaughter stating that she was missed and requesting that she "please hurry home."

A few hours after the transmission of said message, a telegraphic money order for $25 was sent from the same Western Union office in Houston to Geneva Slaughter requesting her to "hurry home" and to "wire me." This money-order telegram was also signed with the appellant's name. Before receiving the money she was without funds, and had borrowed money to call the appellant. Within a few minutes after receiving the said telegram and money order, Geneva sent a telegram to appellant stating that she was coming back to Houston and requesting him to meet her in Texarkana, Texas. On the following day she went by bus to Texarkana, where she was met by appellant and driven by automobile to Houston. After her return to Houston, according to a confession made by the appellant, Geneva engaged in prostitution and gave some of the money so received to the appellant.

 The single issue presented to this court is whether the verdict of the jury was supported by substantial evidence, and we have no doubt upon this point. The money was sent by appellant to pay for her transportation in interstate commerce, as she was without funds at the time. The money-order telegram of June 16, 1952, is of probative force to show that the appellant induced or persuaded her to return to Houston. In sending the money for her transportation, it was reasonable to conclude that the appellant knew that she would travel in interstate commerce, especially in view of the fact that he was to meet her in Texarkana. The evidence tending to show the purpose of her requested return is obvious from a consideration of the surrounding facts. The victim had engaged in prostitution under the guidance of appellant prior to the offense charged. He had received money derived from her illicit relations, and it was reasonable for the jury to find from such facts that his request for her return was for the purpose of having her resume and continue her trade. He had received a monetary return from her transactions in the past, and the jury logically concluded that he expected to continue to receive the income from her promiscuous relations. According to his confession this is exactly what happened, and he did receive some of the proceeds of such illicit business.

It is well settled that the intent and motive of the crime may be shown by circumstantial evidence. United States v. Reginelli, 3 Cir., 133 F.2d 595; Dunn v. United States, 10 Cir., 190 F.2d 496, 498. There was sufficient evidence for the jury to find the necessary purpose of the transportation, and there is no reversible error in the record. Oldstein v. U. S., 10 Cir., 99 F.2d 305. The judgment appealed from should be and is affirmed.

Affirmed.