Aaron STEWART, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17974.

United States Court of Appeals Ninth Circuit.

Nov. 29, 1962.

Edward M. Lane, Tacoma, Wash., for appellant.

Brockman Adams, U. S. Atty., and John S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before ORR, JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge.

Following trial to a jury, appellant, Aaron Stewart, was convicted of knowingly transporting Diane Schneider from Portland, Oregon to Tacoma, Washington for the purpose of prostitution, in violation of the White Slave Traffic Act, 18 U.S.C. § 2421.

Included in the same indictment as co-defendant is one Wayne Matterson who was convicted of the same offense on his plea of Guilty.

Appellant was sentenced to imprisonment for a period of three years but execution of the sentence was suspended and appellant was placed on probation for a period of five years on condition, among others, that he serve six months in a jail type institution.

Appellant's assignments of error may be summarized as follows:

1. That the evidence is insufficient to sustain the conviction;

2. That the district court erred: (a) in the admission into evidence of a statement typed by a Special Agent of the Federal Bureau of Investigation following an interview with appellant, which statement bears the signature of appellant; and (b) in the giving of two instructions to which appellant had objected; and

3. That Government counsel was guilty of prejudicial misconduct in his closing argument to the jury.

We will consider the assignments seriatim.

In considering the assignment as to the insufficiency of the evidence, we must bear in mind that the evidence must be viewed in the light most favorable to support the judgment. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Williams v. United States, 273 F.2d 781 (9th Cir., 1959), cert. denied, 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed. 2d 868; Teasley v. United States, 292 F.2d 460 (9th Cir., 1961). It is also to be noted that the jury is the exclusive judge of the credibility of witnesses and the weight to be given to their testimony. We see no useful purpose to be served in recounting in detail the sordid relationship which existed between appellant, co-defendant Matterson and Diane Schneider. Suffice it to say, that the record shows, without serious conflict, the following facts:

"That Diane Schneider practiced prostitution in Portland where she became acquainted with appellant; that the two lived together at a hotel under registration as husband and wife; that co-defendant Matterson engaged himself as a procurer for Diane Schneider and all three knowingly lived on her earnings as a prostitute; that because Diane Schneider's earnings as a prostitute in Portland were insufficient to support the trio, Diane Schneider and Matterson decided to go to Tacoma, Washington where a nearby Army Camp might prove a more lucrative field for the activities of Diane Schneider; that Diane Schneider refused to leave Portland unless appellant accompanied her; that appellant testified that he accompanied the other two in an automobile driven by Matterson to Tacoma with the intent of continuing on to Seattle to visit friends and that he knew when the trio left Portland that the purpose of the trip was to enable Diane Schneider to practice prostitution at Tacoma; that on the automobile journey from Portland, appellant was aware that it was a serious offense to transport a woman across State lines for the purpose of prostitution; that after arrival in the State of Washington, the persons named concocted a story to be used, in case of apprehension by law enforcement officers, that Diane Schneider was picked up by the other two in the State of Washington; that after arrival at Tacoma and until arrests were made several days later, appellant and Diane Schneider lived together and the trio were supported by the earnings of Diane Schneider derived from prostitution; that appellant did not, upon arrival at Tacoma, proceed to Seattle; and that serious inconsistencies exist between appellant's testimony and the statement which he signed."

It is appellant's contention that the evidence is insufficient to establish that appellant participated in the offense or had the intent to have Diane Schneider engage in prostitution at or before crossing the boundary line between the States of Oregon and Washington. We disagree. "The intent which must be proved as an essential element of the crime defined in 18 U.S.C., § 2421, is an intent that the female transported by the accused in interstate commerce shall, after such transportation, engage in the charged immoral conduct. Dunn v.

United States, 10 Cir. [1951], 190 F.2d 496." Baker v. United States, 310 F.2d 924 (9th Cir., 1962). Where, as here, the intent of the accused is an ingredient of the crime charged, its existence is a question of fact for the jury. See Baker v. United States, supra. This intent may be shown by circumstantial evidence. Hardie v. United States, 208 F.2d 694 (5th Cir., 1953). Clearly there is in the record abundant evidence from which the jury might reasonably infer that appellant entertained the requisite intent and knowingly participated and aided and abetted in the commission of the offense.

The trial court did not err in denying appellant's motion for acquittal or in denying appellant's motion for a new trial.

 We now consider appellant's assignment that the district court erred in admitting into evidence the statement typed by the Special Agent of the Federal Bureau of Investigation and signed by appellant. This statement was typed by the Agent following an interview with appellant. Except in minor and inconsequential details, appellant does not question the accuracy of the statement. His chief objection is to the fact that the statement includes an account of the cohabitation of appellant and Diane Schneider in Portland, Oregon, and his receipt of part of the earnings which Diane Schneider derived from prostitution in that city. Appellant contends that such evidence was inadmissible because it relates to other offenses not charged in the indictment and wholly independent of the offense charged. We have not been advised by counsel that the testimony complained of constitutes offenses under the laws of the State of Oregon but, in any event, such testimony was clearly admissible under exceptions to the general rule that upon the trial of an accused person, evidence of another offense wholly independent of the one charged is inadmissible. The general rule prevailing in this Circuit is that when a defendant is on trial for a specific offense, evidence of a distinct offense unconnected with that charged in the indictment is not admissible. See Wright v. United States, 192 F.2d 595, 13 Alaska 513 (9th Cir., 1951). This rule is, however, subject to well established exceptions. In Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, at p. 87 (1944), the court stated:

"However, there are many well established exceptions to this rule, raised by the special circumstances of particular cases; to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime of which the defendant is accused may be made to appear. Thus, evidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged. Such evidence is admissible if it is so related to or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object; as well as to establish identity, guilty knowledge, intent and motive."

See, also, Bush v. United States, 267 F.2d 483 (9th Cir., 1959); Teasley v. United States, supra; and Baker v. United States, supra.

Appellant complains that the court erred in the giving of "aiding and abetting" instructions.

 The law is well settled that a person charged as a principal may be convicted on evidence that he "aided and abetted." Grant v. United States, 291 F.2d 746 (9th Cir., 1961); Nye & Nissen v. United States, 168 F.2d 846 (9th Cir., 1948).

 The other instruction of which appellant complains reads as follows:

"Guilt cannot be prorated between defendants according to the degree

or extent of their participation in the commission of a crime. A person is equally guilty of a crime if he agrees, consents and intends to participate in the commission of the crime to any material degree and in fact does so and is present when it is committed."

The quoted instruction has been taken out of context and is part of some four pages of instructions pertaining to the commission of offenses by two or more persons. We have examined all of the instructions given by the district court. Nowhere did the court instruct as suggested by appellant that appellant could be convicted for simply riding in the car. The jury was fully and fairly instructed that appellant could only be convicted if the jury found beyond a reasonable doubt that appellant had knowledge of the purposes of transportation of Diane Schneider to Tacoma and an intent to join and further the purpose that existed prior to her entry into the State of Washington.

Appellant's final assignment of error relates to alleged prejudicial misconduct by Government counsel in his closing argument. Appellant made no objection to the remarks during the trial and the question was not raised except upon the motion for a new trial, at which time the district court ruled that the remarks were not prejudicial. We agree with the district court that the remarks made by Government counsel were not prejudicial but were invited and provoked by remarks made by counsel during an argument to the jury.

Appellant was represented at all proceedings in the district court by Edward M. Lane, an attorney engaged in the practice of law at Tacoma, Washington, who was appointed by the district court to represent appellant, an indigent person. The proceedings on this appeal are in forma pauperis and Mr. Lane has represented appellant on this appeal by the filing of opening and closing briefs and on oral argument held at San Francisco. The Court takes occasion to express its appreciation to Mr. Lane for his able and diligent service on behalf of appellant.

Finding no errors, the judgment of conviction is affirmed.