**Pearl Genevieve SEVEY, a/k/a Pearl Holmes, Jerry DeWitt Pearson and Harvey Michael McElroy, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 25426.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1968.

Jerry W. Brimberry, Peter Zack Geer, Albany, Ga., William W. White, Jr., Abel H. Rigau, Tampa, Fla., for appellants.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

Appellants were found guilty of conspiracy to violate the Mann Act, 18 U.S.C. § 371; 18 U.S.C. § 2421. The appellants Sevey, Pearson and McElroy[1] raised the issue of insufficiency of evidence to sustain the conviction. Taking the evidence most strongly in favor of the government, United States v. Koeller, 310 F.2d 409 (7th Cir.1962); Davis v. United States, 385 F.2d 919 (5th Cir.1967); Proctor v. United States, 146 F.2d 724 (5th Cir.1944), cert. den. 324 U.S. 862, 65 S.Ct. 867, 89 L.Ed. 1419, it is clear that there was sufficient evidence to warrant submitting the case to the jury and to warrant the verdict of guilty as to all defendants. We find no merit as to the other contentions made only by appellants Sevey and McElroy, to-wit: the admission of certain evidence, the denial of appellants' motion for a bill of particulars, and the presence of a local newspaper in the possession of a member of the jury panel,

---

1. The fourth defendant Holmes did not appeal.

which paper contained a rather sensational account of the trial. The newspaper incident which conceivably might have injected prejudice against appellants Sevey and McElroy as persons of bad character is the only substantial ground of appeal. However, the prospective juror in question was excused and there was no evidence to indicate that any of the other jurors were influenced; further, the trial judge questioned the jurors on voir dire regarding the newspaper story and gave proper instructions. This is not a situation analogous to Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. There was no showing of prejudice and none can be presumed. Rizzo v. United States, 304 F.2d 810 (8th Cir.1962).

Affirmed.