**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

St. John TYLER and Dorothy Lee Williams, a/k/a Mary Ann Tyler,
**Defendants-Appellants.**

Nos. 462–69, 463–69.

United States Court of Appeals,
Tenth Circuit.

April 22, 1970.

Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Robert E. Warren, Jr., Denver, Colo., for defendants-appellants.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

Appellants appeal from a conviction of knowingly transporting women in interstate commerce for the purpose of prostitution and debauchery as prohibited by 18 U.S.C. § 2421. The transportation of the women named in the indictment is not denied. Appellants contend, however, that the evidence was insufficient to show that the dominant purpose of the transportations was for prostitution and debauchery; and further, that the court's instruction with reference to the term, "for the purpose of prostitution or debauchery," as used in the statute was erroneous.

■ The evidence is overwhelming that the transportation of the women as charged was for the purpose of prostitution; therefore, a brief summary of the evidence will suffice. During the month of May, 1968 Tyler and his wife Ann, who were then living at Colorado Springs, Colorado, made an automobile trip to Tyler's home town in Kentucky to visit his mother. While there he called on an old acquaintance, Wanda Robinson, and arranged to have her accompany the Tylers back to Colorado Springs. At the same time, with the help of Wanda, Elvira Daye and another woman also agreed to leave with the Tylers. It is not clear from the record whether all three passengers originally knew that they were headed for Colorado when the trip started. But long before they arrived in Colorado the women were told that they were to work as prostitutes in Colorado Springs. The entire trip was made in about one and one-half days. Upon arrival in Colorado Springs the women lived at the Tyler apartment and immediately began work as prostitutes. Their earnings were delivered to the Tylers. In the latter part of August Tyler took Elvira Daye and another woman in his automobile to Bill-

ings, Montana where the women were engaged in prostitution and gave their earnings to Tyler. When Elvira Daye was questioned as to the purpose of Tyler's trip to Montana, she said, referring to Tyler: "He went to take his other whore up there." The Tylers were convicted on the count charging the transportation from Kentucky to Colorado. In addition, Tyler was convicted on the count charging the transportation of one of the women to Billings, Montana from Colorado Springs.[1]

█ Relying on Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944), the appellants contend that the evidence did not show that the "dominant purpose" of the various transportations of the women was for prostitution. With the possible exception of Wanda Robinson's testimony, which was that initially she thought the trip from Kentucky was to visit a girl friend of hers in Colorado Springs, there was no evidence that the trip was for any other purpose than prostitution. Indeed, the evidence is without conflict that all of the women were advised en route that after arrival in Colorado they were to work as prostitutes, which they did. The jury, in determining the intent, purpose and motive of the accused in order to establish the "dominant purpose" for which the transportations were made, could take into consideration the conduct of the parties within a reasonable time prior to and after the transportations. O'Neal v. United States, 240 F.2d 700 (10th Cir. 1957); Dunn v. United States, 190 F.2d 496 (10th Cir. 1951); Long v. United States, 160 F.2d 706 (10th Cir. 1947). We conclude that there is no merit to the contention that the evidence was insufficient to establish that the dominant purpose of the transportations was for prostitution.

█ █ The court instructed the jury that it was not necessary for the evidence to establish that the transportation was only for the purpose of prostitution, stating: "It is enough that one of the purposes was prostitution. It suffices that one of the efficient and compelling purposes in the mind of the accused in a particular transportation was the prostitution charged in the indictment." The court further stated that the purpose of transportation for prostitution may coexist with another purpose or purposes, "but the transportation for prostitution must have been one of the efficient or compelling purposes of the transportation." The attack upon this instruction is that it did not use the term, "dominant purpose," and was contrary to the Mortensen case. It is well settled in this circuit by decisions since Mortensen that it is not necessary that the sole purpose of the transportation of a female in interstate commerce is for prostitution and debauchery to sustain a conviction under the Act. It is sufficient if one of the efficient and compelling purposes of the transportation is for the illicit conduct denounced by the Act. De Vault v. United States, 338 F.2d 179 (10th Cir. 1964); O'Neal v. United States, supra; Dunn v. United States, supra; Long v. United States, supra; see also United States v. Bennett, 364 F.2d 77 (4th Cir. 1966). In referring to the extent of the proof necessary to support a conviction under the Act, the court in its instruction did not use the words, "dominant purpose." It did, however, advise the jury that to convict it was necessary that a particular transportation for prostitution be one of the efficient and compelling purposes of the trip. The words, "dominant purpose," have no peculiar magic. Those used by the court are equally expressive. The instruction advised the jury that before it could convict it must find that one of the principal reasons motivating the transportation of the women was prostitution or debauchery.

Affirmed.

---

1. Tyler was acquitted on a count of the indictment which alleged an unlawful transportation of a woman to New Mexico.