**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cleo KENNEDY, Defendant-Appellant.**

**No. 687-69.**

United States Court of Appeals,
Tenth Circuit.

May 14, 1971.

John Kokish, Denver, Colo., for defendant-appellant.

A. Pratt Kesler, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., Salt Lake City, Utah), for plaintiff-appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellant, Cleo Kennedy, and one Joe Buchanan were charged by indictment in the United States District Court for the District of Utah, Central Division, with transporting Kathleen Louise Merck from Portland, Oregon, to Salt

Lake City, Utah, for the purpose of prostitution, in violation of 18 U.S.C. § 2421. From the judgment and sentence imposed following his conviction by a jury Kennedy has appealed. As grounds for reversal he relies on two propositions: First, as to him the evidence is insufficient to sustain a finding by the jury that Kathleen Merck was transported for the purpose of prostitution, and second, at most the evidence shows transportation for such purpose to Utah from Colorado and not, as alleged in the indictment, from Oregon.

The fact that the trio went from Portland to Salt Lake City is not questioned on appeal. Kennedy and Buchanan left Portland with Kathleen Merck, a female thirteen years of age at the time, about March 28, 1969, traveling by automobile. On April 2nd they registered at a motel in LaJunta, Colorado, where Kennedy made a previously set court appearance the following day. Then that same day they went on to Salt Lake City and registered at a motel there. Kennedy argues, however, that this actually amounted to two separate trips. The first, he says, was from Portland to LaJunta so he could make the court appearance and for no other purpose, a legitimate reason not properly the basis for criminal prosecution even though Kathleen Merck was taken along. The second, he contends, originated in LaJunta and not in Portland, as alleged in the indictment. With respect to the first, he relies largely on Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1943), in which it was held there was no violation if the dominant purpose of the trip was legitimate. As to the second, his position is that the proof is at variance with the indictment. We consider neither position tenable under the evidence.

Kathleen Merck testified that Salt Lake City was the destination when they left Portland, that before leaving Portland she understood from both Kennedy and Buchanan the purpose was for her to engage in prostitution, that beginning April 4, 1969, the day after their arrival, she solicited as a prostitute on the streets of Salt Lake City until arrested five or six days later, and that both Kennedy and Buchanan remained in Salt Lake City at least until the day before she was arrested. She further stated as a witness that during the trip she was instructed by Kennedy and Buchanan as to how she was to answer questions if stopped by the police, that she was advised by them a friend of Kennedy's, one Barbara Powell, would meet them in Salt Lake City and give her instructions concerning how to work as a prostitute and how to take care of herself, and that Barbara Powell did in fact help her in this way.

This is ample evidence from which the jury could conclude, as it obviously did, that a single trip was involved, with a mere stopover at LaJunta, Colorado, and that the dominant purpose of the trip from its inception, with Kennedy participating, was for Kathleen Merck to engage in prostitution at Salt Lake City, Utah. The fact that a legitimate purpose was achieved enroute is not determinative. We have repeatedly held it is not necessary that the sole purpose of the transportation be for prostitution; that if one of the dominant purposes of the interstate transportation of a female is to enable her to engage in prostitution it is a violation of the statute even though there may have been a legitimate purpose for the trip as well. See United States v. Tyler, 424 F.2d 510 (10th Cir., 1970), and cases therein cited.

Affirmed.