**SPRAGUE v. ADERHOLT, Warden.**

No. 157.

District Court, N. D. Georgia, Atlanta Division.

Dec. 31, 1930.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

SIBLEY, District Judge.

Sprague, applicant for writ of habeas corpus, was, on March 13, 1928, indicted in four counts for offenses of conspiracy, along with one Webster. Both pleaded guilty and were each sentenced to fines and imprisonment for two years on the first count, two years on the second count and two years on the third and fourth counts, to be served consecutively. Having served more than two years, Sprague seeks a discharge on the ground that the two terms of two years each, following the first one, are void because there was but one conspiracy, the maximum imprisonment for which is two years, and that he is being unconstitutionally punished more than once for the same offense.

A proper decision of the case depends on two questions: First, to what extent may a habeas corpus court inquire into the actual unity of transactions which were treated in the trial court as two separate offenses and sentenced as such? Second, does it sufficiently appear here that there was in fact but one conspiracy?

■ Since the establishment of appeals in criminal cases it is well settled that errors of law or fact in the trial must be corrected by appeal and not by habeas corpus. Only when the trial court was without lawful power to try at all, or without lawful power to give the sentence it did, may any court, on habeas corpus, discharge the convict from the execution of his sentence. Constitutional rights of the highest sort, such as confrontation by witnesses or trial by jury, may be lost if not asserted, or if waived, before the trial court. It is believed, however, that no court has refused to inquire, on habeas corpus, whether one is really being twice punished for the same offense, although clearly former jeopardy is pleadable if it occurred in a previous trial, and, if in the same trial, may and ought to be urged before sentence, and inquired into by the trial court. Where, as in this case, four similar charges are made in separate counts of an indictment, there may have been a purpose to prosecute for distinct and separate, though similar, crimes, or there may have been merely an effort to vary the averments to meet uncertainty and prevent possible failures or variances in the proof. The trial judge, in the light of the evidence as well as the allegations, must always determine whether he should sentence as for one offense or more. The call upon the prisoner to answer whether he has anything to say why he should not be sentenced gives opportunity for a hearing on the question. Error in its decision is reviewable on appeal. A habeas corpus court, often as now sitting at a great distance and after great lapse of time, has not good facilities for making inquiry into what appeared at the trial, or otherwise reaching the true facts, and ought not to interfere, except in clear cases of violation of the constitutional inhibition against double jeopardy and its corollary, double punishment. But in a clear case it has power to act.

■ Is this a clear case of double punishment? Each of the four counts charges a conspiracy on the same date, between Sprague and Webster to commit an offense against the United States. The first conspiracy is charged to be one to use the mails to defraud one Rand out of certain valuable shares of stock. The second one to use the mails to defraud Rand's wife out of certain stocks owned by her. The third and fourth counts are indistinguishable and charge a conspiracy to obtain by fraud, from the mail, two registered letters containing these stocks. The judge treated the third and fourth counts as one, but sentenced on the first and second as two distinct and separate crimes. The sentence on the first count alone has been served. The applicant contends that there was but one conspiracy to get both lots of stock by the use of the mails, and that the indictment unconstitutionally seeks to split it into four, and the judge has split it into three crimes. There was a general plea of guilty. What information was given the trial judge does not appear. No evidence except the face of the record is before this court.

■ The gist of conspiracy is the meeting of minds for a definite criminal purpose, ripened by the doing of some overt act. By possibility Sprague and Webster might have conspired to get Rand's stock through the mail, and the same day, but separately, agreed additionally to get that of Mrs. Rand, and then, when the stock was thought of as

sent by registered mail, planned to get that mail matter fraudulently. In such a case there might be three conspiracies, though concurrently executed. But if in fact there was only one criminal plan concocted, though it involved the defrauding of two persons and the breaking of two criminal statutes of the United States, there would be but one criminal conspiracy. The multiplication of overt acts in pursuance of it would not multiply the conspiracy. The whole could and should be pleaded in one count according to numerous authorities. The grand jury and the judge here treated the transactions charged as independent, and presumptively they were correct. But the identities of time and place and persons and activities is so complete between the first and second counts, as well as the third and fourth, that it seems to me, with nothing but the statements of the indictment to go on, that the transaction must have been a single one. No separate interview was had with Mrs. Rand, but all transactions were with Rand in behalf of himself and his wife. There is nothing to show a separate conspiracy as to each. So it appears that the sending of the stocks by registered mail was the original purpose and suggestion of the conspirators to give Rand confidence, and not a development that had to be met by a new plan. The many overt acts alleged in each count are the same identical acts, and yet each is alleged to have been done in pursuance of and to carry out the particular conspiracy charged in that count. This could hardly be unless the conspiracies charged therein were indeed parts of the same plan. The pleader has thus, by his much pleading, defeated the attempted separation of the conspiracies. It is true that the objects of the conspiracy seem to have been all accomplished and involved the commission of several substantive crimes, such as the fraudulent mailing of four separate letters and the fraudulent obtaining of two registered letters, punishment for which might well have justified the imprisonment here inflicted had they been prosecuted. Nevertheless I am constrained to believe that there was but one conspiracy to do all these things, and this conspiracy became a complete crime so soon as the first overt act was done under it. As a mere conspiracy it can lawfully be punished only by a fine and sentence of two years' imprisonment. The additional terms of imprisonment are unlawfully imposed and void.

Let the applicant be discharged.