## CABALLERO v. HUDSPETH, Warden.
### No. 599.

District Court, D. Kansas, First Division.

Feb. 18, 1941.

N. E. Snyder, of Kansas City, Kan., for petitioner.

Homer Davis, Asst. U. S. Dist. Atty., of Topeka, Kan., for the government.

HOPKINS, District Judge.

This is a second habeas corpus case brought in this court by the petitioner. In the first case this court denied relief and the Circuit Court of Appeals, Caballero v. Hudspeth, 10 Cir., 114 F.2d 545, affirmed.

Petitioner was sentenced in the Federal District Court in Colorado on his plea of guilty to two counts of an indictment charging violation of the White-Slave Traffic Act, 18 U.S.C.A. § 398. He was given consecutive sentences of three and one-half years on each of the two counts. In the first action petitioner contended that the two counts of the indictment charged but a single offense. The Appellate Court agreed with him in that contention and determined that petitioner suffered double jeopardy under the sentence of the Federal Court in Colorado. The Appellate Court held, however, that the proscription against double jeopardy is a personal one and may be waived; and that by entering plea of guilty to the indictment containing the two counts petitioner waived the right to object.

Petitioner was committed on July 20, 1937, and deducting statutory and industrial good time allowance has now served in excess of five years, the maximum which could have been imposed under the statute for the offense charged. Having served in excess of the maximum authorized by the statute and considerably in excess of the sentence imposed by the trial court on either one of the counts, petitioner brings this action relying upon the decision of the appellate court that only one offense was actually charged.

█ I have given to the question presented serious consideration and feel bound to act in accordance with the views reached. This petitioner was charged with one offense and the maximum imprisonment for that offense is five years. He

received a sentence of seven years. The excess is void and the petitioner is unlawfully held.

The situation presented calls for a sane and practical application of the rules of pleading and of the effect of admissions. A plea of guilty waives defects in the mere form of the allegations of an indictment, but it does not cure defects in substance. It confesses nothing beyond that which is actually charged (in this case one offense). 22 C.J.S., Criminal Law, § 424, p. 658. The objection that the indictment is lacking in elements essential to warrant the sentence imposed is not waived. Nicholson v. United States, 8 Cir., 79 F.2d 387.

By plea of guilty to an indictment charging one offense for which the maximum imprisonment is five years, petitioner did not thereby waive his right to object by habeas corpus to a sentence of seven years.

In Bertsch v. Snook, 5 Cir., 36 F.2d 155, 156, it was said: "It follows that, if the two conspiracy counts to which he pleaded guilty charged the same offense, it was error to refuse to grant a discharge and an order of release from further imprisonment. In that event an additional sentence of imprisonment would be void, and could be set aside on habeas corpus. Ex parte Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118. The same offense is charged by two separate counts of an indictment where the evidence required to support a conviction upon one count would have been sufficient to warrant a conviction upon the other. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Tritico v. United States [5 Cir.] 4 F.2d 664. We are of opinion that, measured by this test, the two counts of the indictment before us, upon which appellant was sentenced, charge the same offense, and consequently that appellant is entitled to be released from imprisonment in the penitentiary. The second count included everything charged in the first count."

The case of Sprague v. Aderholt, Warden, D.C., 45 F.2d 790, 791, is very much in point here. It was a habeas corpus case. Sprague had been indicted on four counts charging conspiracy. He pleaded guilty. He was given the maximum sentence of two years on each of three counts to be served consecutively. Having served more than two years, he sought a discharge on habeas corpus on the ground that only one conspiracy was charged for which the maximum imprisonment is two years, and that he was being unconstitutionally punished more than once for the same offense. The Court discussed the relative use and function of appeal and habeas corpus and the possibility and effect of waiver of rights, but said, "It is believed, however, that no court has refused to inquire, on habeas corpus, whether one is really being twice punished for the same offense."

The Court said that in a clear case the court had power to act by habeas corpus, that a clear case of double punishment was presented, and that petitioner should be discharged.

In Biddle v. Thiele, 8 Cir., 11 F.2d 235, heard before Judges Stone, Van Valkenburgh and Phillips, the petitioner was held entitled to discharge on habeas corpus where held under an excessive sentence.

In Stoneberg v. Morgan, 8 Cir., 246 F. 98, 99, the third syllabus reads: "The excess of a sentence beyond the jurisdiction of the court which imposes it, in a case in which it has ample jurisdiction of the subject-matter of the case and of the parties, is void, and a prisoner held under such excess alone is entitled to his release by habeas corpus." See also Cahill v. Biddle, 8 Cir., 13 F.2d 827; Stevens v. McClaughry, 8 Cir., 207 F. 18, 51 L.R.A., N.S., 390.

I recognize that the decision of the Appellate Court on the appeal in Caballero's earlier case should be considered as the law in the case insofar as the facts are the same. At the time of that decision, however, the petitioner had not served the maximum sentence authorized by the statute. He has now served the maximum and it is my considered opinion that he should be discharged from further custody. It is so ordered.