## MIXON v. PAUL.

### No. 5908.

United States Court of Appeals Fourth Circuit.

Argued June 13, 1949.

Decided June 21, 1949.

Jack Randall Mixon, pro se.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va. (Howard C. Gilmer, Jr., U. S. Atty., Pulaski, Va., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

On January 4, 1948, an indictment was returned against one Jack Randall Mixon in the United States District Court for the Western District of Virginia, charging him in two counts with violation of section 338a of Title 18 of the United States Code, now 18 U.S.C.A. § 876. He pleaded guilty to both counts of the indictment and was sentenced to seven years on each count, the sentences to run consecutively. The commitment specified that the sentence under the second count was to commence at the end of the expiration of the sentence on the first. On April 8, 1949, Mixon filed with the court a motion to correct the commitment so that it would state that the two seven year sentences were to run concurrently. Judge Paul, who had imposed the sentence, entered an order denying the motion. With the order he filed a memorandum setting forth the facts and holding that the motion should be denied on the ground that the commitment accorded with the judgment and sentence of the court as it had been pronounced. Mixon did not appeal from this order, but has petitioned this court to issue a writ of mandamus directing Judge Paul to find the facts and grant him the relief prayed.

Assuming without deciding that petitioner can apply to us for a writ of mandamus for the relief that he seeks instead of appealing from the order of the District Judge, we are, nevertheless, of opinion that the petition should be dismissed as absolutely lacking in merit. The memorandum filed by Judge Paul sufficiently finds the facts; and it appears therefrom that the commitment unquestionably embodied the mandate of the judgment that the sentences should run consecutively. The fact that, in imposing the sentences, the judge did not specify which should be served first, did not result in any ambiguity with

442

respect to that matter or amount to a provision .that they should be served concurrently. In the absence of express direction to the contrary, it was the sentence on the first count of the indictment which was to be first served; and the direction that the sentences be served consecutively required that the sentence on the second count begin at the expiration of that on the first. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. The commitment thus embodied the mandate of the judgment as pronounced by the court; and the motion before the District Judge to correct the commitment and the petition to us for a writ of mandamus are alike lacking in all merit. The petition will be dismissed as frivolous.

Petition dismissed.