## SMART v. UNITED STATES.
### No. 14170.

United States Court of Appeals
Fifth Circuit.
March 11, 1953.

Jack W. Knight, Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., and William R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant, Billie Smart, was indicted on five counts charging violation of the White Slave Traffic Act, 18 U.S.C.A. § 2421. The first and second counts charged that on or about December 30, 1951, she and Matteo Romei, who was indicted jointly with her on these two counts, transported Bobbie Lou Jones and Judy Myers from a point near Lafayette, Louisiana, to Galveston, Texas, for the purpose of prostitution, debauchery and for other immoral purposes. Count three charged that on or about January 17, 1952, appellant transported Mary Nell Romero between the same two points, and counts four and five charged that she transported Bobbie Lou Jones and Judy Myers between those two points on the same date. At the close of the Government's evidence, appellant's motion for a judgment of acquittal was granted as to counts one and two. The jury convicted Matteo Romei on counts one and two and appellant on counts three, four and five. Romei has not appealed.

No question is raised on this appeal as to count three. Appellant concedes that the evidence supports the verdict finding her guilty of transporting Mary Nell Romero. However, it is contended that the verdict of

guilty as charged in counts four and five is unsupported by the evidence.

Romei transported Bobbie Lou Jones and Judy Myers from Louisiana to Galveston, Texas on or about December 30, 1951, and took them to appellant's house, where they engaged in prostitution for about two and a half weeks. On January 17, 1952, appellant transported these girls to Louisiana for the sole purpose of taking care of some legal matters that were pending in that state. They returned to Galveston the same day. While she was in Louisiana, appellant was contacted by Mary Nell Romero, who indicated that she would like to work for appellant in Galveston. Appellant accepted the offer and Mary Nell Romero accompanied the party on their return trip to Galveston.

There is no indication that when appellant and the two girls left Galveston there was any doubt of their return. Likewise, there is no evidence that any act of prostitution was performed by the two girls while in Louisiana, or that they, or appellant, intended that any would be performed. Upon consideration of the record as a whole, we think that the case as to counts four and five of the indictment is controlled by the decision in Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331, and that the trial Court should have sustained appellant's motion for a judgment of acquittal on those counts. The judgment as to counts four and five is reversed and set aside. As to count three, it is affirmed.

Judgment reversed in part, and in part, affirmed.