**UNITED STATES of America**

v.

**Herman E. NELMS.**

**Cr. No. 6081.**

United States District Court
W. D. Virginia,
Roanoke Division.

Sept. 27, 1961.

Herman E. Nelms, pro se.

John Strickler, U. S. Atty., Roanoke, Va., for the United States.

DALTON, Chief Judge.

On May 12, 1959, Petitioner, Herman E. Nelms, was found guilty by a jury on two counts charging him with violations of the Mann Act, 18 U.S.C.A. § 2421, and sentenced to five years imprisonment on each count, the sentences to run consecutively.

In July, 1960, Nelms filed a petition under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to correct what he alleged to be an illegal sentence. The Petitioner's contention was that the facts disclosed the commission of a single offense only. This Court found that two offenses had been committed and denied his motion.

The action of dismissal of Nelms' motion by this Court, 190 F.Supp. 677, was affirmed by the Court of Appeals, Fourth Circuit, on June 1, 1961, 291 F.2d 390. That Court, too, found two separate journeys in interstate transportation of defendant's wife for the purpose of pros-

titution. The Court further held that the imposition of two five-year consecutive sentences was correct.

Now this day came the Petitioner, by motion which he entitles "writ to show cause" under 28 U.S.C.A. § 2241, and alleged denial of his constitutional rights in the method of sentencing followed by the Court in proceedings had in this Court on the 8th and 12th of May, 1959, and requests a hearing before this Court on these allegations.

This District Court, under 28 U.S.C.A. § 2241, has no power to grant writs outside its jurisdictional boundaries. Since the Petitioner is in the custody of federal authorities in Atlanta, Georgia, outside this Court's jurisdiction, this Court has no power to issue a writ directed to these federal authorities. The other section which permits writs of the nature requested by the Petitioner to be issued by District Courts is 28 U.S.C.A. § 2255. Under this section a prisoner in custody of federal authorities may move the Court which imposed the sentence to vacate, set aside or correct the sentence. Therefore, in order to ascertain that the allegations contained in this petition has been given the fullest consideration, the Court has treated this petition as one brought pursuant to 28 U.S.C.A. § 2255.

Petitioner first questions the authority of a probation officer, Mr. Gene T. Crookshank, in making a presentence investigation while Petitioner was in Bland Correctional Farm, White Gate, Virginia, serving a state imposed sentence. Petitioner alleges that the District Court was without jurisdiction to order such a presentence investigation before federal proceedings had been instituted against him.

Petitioner further alleges general misuse of this presentence report. It is alleged that the result of Mr. Crookshank's investigation was presented to the Judge and the United States Attorney for the purpose of obtaining a federal indictment against Petitioner. Petitioner asserts that because the Judge and the United States Attorney had these records, a fair trial was denied.

Petitioner alleges that remarks of the Judge at the imposition of sentence shows that he knew of presentence report before trial, and "his mind was biased due to Petitioner's prior record."

Petitioner further alleges that the United States Commissioner had the results of presentence investigation at the time of arraignment.

Further, throughout his petition, Nelms has asserted generally that the presentence report prejudiced his rights before the Court.

Petitioner lastly asserts that oral statements made to F.B.I. Agent, Frederick A. Cook, were made before warrant or arraignment and should have been excluded from evidence; that these statements "were of great help in helping the jury reach a verdict of guilty", and further that these statements were considered by the Judge in imposing sentence.

Upon consideration of the entire record, it is the opinion of this Court that no substantive rights have been denied this Petitioner and no errors have been found in the matters alleged by the Petitioner. This petition presents contentions entirely void of merit.

A complaint was filed with the United States Commissioner on December 18, 1958, and a warrant of arrest was issued by Commissioner Fox on that date. Because Petitioner was in Bland Correctional Farm at that time, a detainer was forwarded to the Superintendent of this Institution to hold said Petitioner for federal authorities upon his release.

Petitioner was interviewed by Gene T. Crookshank, a probation officer, on March 24, 1959, while Petitioner was still in state custody. A federal warrant for Nelms was outstanding at this time. There is nothing unusual about this procedure.

Petitioner was arrested on April 25, 1959, the date upon which he was released from Bland Correctional Farm.

He was taken before Commissioner Fox on the same date for arraignment.

There is nothing in the record to support the allegations of the Petitioner concerning the use of misuse of the presentence report. The presentence report is presented to the Court after verdict, or a plea of guilty, to assist the Court in arriving at a just and fair sentence for the accused who stands convicted awaiting sentence. This Court has never been allowed access to these reports prior to preparing to adjudge sentence, and there is nothing in the record to indicate or even hint that the late Judge Roby C. Thompson had access to this presentence report.

Petitioner cites comments made by Judge Thompson at the time of sentencing to show that he knew of the prior records of the Petitioner. Judge Thompson said: "It came to the Court's attention in the last week before we got ready for trial that he wanted to stand trial and didn't have counsel, and you both very kindly agreed to represent him and give him an opportunity to get witnesses, which you did, and to work up the law on the case, and you have done an excellent job and the Court is very appreciative of your services to this defendant. This defendant has had a long, almost continuous, criminal record, starting back in 1943. * * * "

Nothing in this comment implies that Judge Thompson knew of Nelms' record before trial; it merely recites that Judge Thompson found out a week before trial that the Petitioner wanted to stand trial and did not have counsel.

There is also nothing in the record to show, or cast a shadow of possibility, that the United States Commissioner had access to the report at the time of arraignment. The presentence report is for the District Court, and the District Court alone, as an aid in sentencing the accused.

Likewise, there is nothing in the record to show that the United States Attorney had access to this record. The Petitioner has asserted conclusions which he has drawn from the facts, which are not in the least supported by the record. The contrary is true, the record discloses no irregularity with respect to the use of the presentence report.

■ Nor is there any substance in Petitioner's contention that the presentence report prejudiced his rights. It has been repeatedly held, e. g., Pence v. United States, 219 F.2d 70 (10th Cir.1955), even by the Supreme Court of the United States, William v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1948), that the possession of the fullest information possible concerning the defendant's life and characteristics is highly relevant, if not essential, to the Court's selection of an appropriate sentence.

■ Petitioner's final allegation is also without merit. The oral statements made to F.B.I. Agent, Frederick A. Cook, were properly admitted into evidence for consideration by the jury in arriving at a verdict. The cases cited by Petitioner on confessions or statements made during period of unlawful detention before or after arraignment are not relevant to this inquiry. These statements were made to an agent of the Federal Bureau of Investigation during the course of his investigation, while the Petitioner was properly in the custody of state authorities, and after Petitioner had been advised of his constitutional rights by Agent Cook.

For the reasons as set forth herein, and after full consideration, this petition for "writ to show cause" seeking relief is hereby denied.