James McMURRAY, Appellant,

v.

UNITED STATES of America, Appellee.

Dale BRYSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 6749, 6750.

United States Court of Appeals Tenth Circuit.

Dec. 27, 1961.

Rehearing Denied Jan. 10, 1962.

Certiorari Denied April 23, 1962.

See 82 S.Ct. 950.

**620**

John M. Imel and Phillips Breckinridge, Tulsa, Okl., for appellee.

John D. Harris, Tulsa, Okl. (Howard, Carr & Harris, Tulsa, Okl., were with him on the brief), for appellant, James McMurray.

John L. Ward, Jr., Tulsa, Okl., and Valdhe F. Pitman, Oklahoma City, Okl. (Malcolm Baucum, Oklahoma City, Okl., was with them on the brief), for appellant, Dale Bryson.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

James McMurray and Dale Bryson and others were jointly charged, tried and convicted of offenses involving the unlawful trafficking in narcotics. The indictment was in seven counts alleging the defendants' participation in a conspiracy to violate the prohibition contained in 26 U.S.C.A. § 4705(a) and 26 U.S.C.A. § 4704(a) and the substantive violation of the statutes. McMurray was convicted upon six counts including counts 1 and 7. Count 1 charged a conspiracy to unlawfully sell narcotics in violation of 26 U.S.C.A. § 4705(a); count 7 charged the unlawful sale of narcotics in violation of such section. Bryson was convicted only upon counts 1 and 7. The trial court imposed the maximum sentences upon McMurray for each of the counts upon which he was found guilty and so designated the sentences to run concurrently or consecutively as to provide a total imprisonment of forty years. The sentence upon each of counts 1 and 7 was set at twenty years to run consecutively. Bryson was sentenced to five years upon each of counts 1 and 7, the sentences to run concurrently.

Upon separate appeal, each defendant questions the sufficiency of the evidence in varying particulars to form a basis for his convictions and also makes additional claims of error occurring in the course of the trial. No argument is made, however, by the defendant McMurray that the evidence is insufficient to warrant his conviction on count 7 for the uncontradicted evidence clearly

shows a specific and unlawful sale of narcotics made personally by McMurray to a government agent. It follows, because McMurray's period of total imprisonment may be composed of the consecutive sentences imposed under counts 1 and 7, that our consideration need only be concerned with his conviction under count 1. And, because concurrent sentences were imposed upon the defendant Bryson under counts 1 and 7, our treatment of his claims may be similarly limited.[1] Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321; Travis v. United States, 10 Cir., 269 F.2d 928; Cummings v. United States, 10 Cir., 289 F.2d 904.

Appellants' counsel do not, nor do we, attempt to do more than summarize the evidence as it reflects in a somewhat long and complex record reciting events occurring in Tulsa, Oklahoma, during the course of a six-week investigation conducted by federal narcotic agents with the cooperation of local authorities. The investigation began when agent Casey, indicating an interest in the purchase of narcotics, made a cold contact with Bryson at this defendant's bail bond office in Tulsa. Bryson asked the agent to phone him at the office at a later time. Upon so doing, the agent talked to Don Jones[2] who was in Bryson's office. Bryson was not then present. At later meetings with Jones two purchases of contraband drugs were consummated with McMurray indicated as the source of supply. After informing Bryson of an interest in dealing directly with McMurray, the agent made the direct purchase from McMurray which we have indicated supports McMurray's conviction under count 7. This purchase was consummated only after Bryson informed McMurray that the agent was "solid."

From these highlights, the defendant McMurray asserts that no conspiracy is shown and that the transactions are but sporadic sales; and, alternately, that multiple conspiracies are shown which cannot be the basis for conviction as obtained. We see no merit to either contention. The key to all the transactions lies in the willingness of the agent Casey to purchase narcotics and the willingness of all the defendants to participate in accomplishing that end. A fair interpretation of the evidence shows a flow of narcotics from McMurray to the agent through the efforts and acts of the other defendants; and finally, a direct sale from McMurray to the agent. The claim that those conspirators who purchased from McMurray to sell to the agent were "independent contractors" is unique but without foundation, and indeed unknown to the law. We hold the evidence ample to support the defendant McMurray's conviction under count 1.

Although Bryson's participation in the conspiracy was but upon the fringe and foolish[3] still the evidence is clear as to his involvement. The record shows he was in intimate contact with all the co-defendants and was familiar with the transactions as they occurred. On one occasion he told the agent that a purchase from the defendant Corby which had failed because of a disagreement as to terms could have been safely and satisfactorily made. In another conversation he indicated an interest in direct participation in a sale but stated he could not obtain the quantity of drugs required. Through the whole investigation Bryson served as a clearinghouse for contacts made by the agent with the defendants. The final sale by McMurray to the agent was accomplished only through the direct participation of Bryson. And his every effort furthered the unlawful purpose of

---

1. We have, however, reviewed the entire record as it affects each defendant's conviction under each count and consider the evidence more than sufficient to support each and all judgments of conviction.

2. Jones, Dillon and Corby are each co-defendants with appellants. Each was found guilty under one or more of the counts contained in the joint indictment.

3. This is reflected both in the jury's careful consideration of the counts upon which a verdict of guilty was found and in the court's imposition of sentence.

the other participants—the unlawful sale, distribution and trafficking in drugs.

■ Counsel for Bryson point out that the evidence against Bryson is consistent with that defendant's subjective claim that he was cooperating with the agent for the purpose of ultimately disclosing the agent's activities to the police. And near the close of the investigative period, Bryson did tell a police officer that a large, unnamed, out-of-town purchaser of narcotics was in Tulsa. Error is claimed in the trial court's failure to instruct the jury as to this theory of defense. But the record shows no objection to nor request for instructions in such regard and in such case the claim is not preserved for appellate consideration. Except to prevent a manifest injustice (and none appears here) we will not consider a claim of error in the instructions when no request nor objection premises the claim of error. Ditrich v. United States, 10 Cir., 243 F.2d 729; Kreinbring v. United States, 8 Cir., 216 F.2d 671; Apel v. United States, 8 Cir., 247 F.2d 277; Bridgman v. United States, 9 Cir., 183 F.2d 750.

■ Appellant Bryson also asserts that the indictment is faulty as to him because it charges in multiple counts and contains no allegation of an overt act of Bryson other than acts done with the agent Casey, citing Sprague v. Aderholt, D.C.Ga., 45 F.2d 790 and DeMayo v. United States, 8 Cir., 32 F.2d 472. We see no application of these cases to the instant one. The overt act necessary to activate a conspiracy may be that of any conspirator. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

■ Finally, appellant McMurray contends that the imposition of multiple sentences totalling forty years was both harsh and illegal. We have earlier rejected a similar contention. Smith v. United States, 10 Cir., 273 F.2d 462.

The judgments are severally affirmed.