Le Roy HESTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6816.

United States Court of Appeals
Tenth Circuit.

April 28, 1962.

Arnold D. Fagin, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and RITTER, District Judge.

LEWIS, Circuit Judge.

Appellant was convicted after trial by jury in the District of Kansas upon each of three counts of an indictment charging the unlawful trafficking in narcotics. He was sentenced to imprisonment for a term of ten years upon each count, such sentences to run concurrently. He now appeals and with the aid of appointed counsel urges error in the trial upon three grounds: insufficiency of the evidence to support conviction under Count 3 of the charge; error in the court's instructions; and lack of effective assistance of counsel at the trial.

No claim is made that a judgment of conviction upon Counts 1 and 2 is not amply supported by the evidence nor that the total sentence imposed is not proper under either of these counts. In such case an attack upon the sufficiency of the evidence to support the conviction under Count 3, even if warranted, cannot invalidate appellant's sentence nor result in relief granted. Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; McMurray v. United States, 10 Cir., 298 F.2d 619.

Appellant's complaint relative to the court's instructions is based upon the contention that the evidence warranted an instruction upon the issue of entrapment. No such issue was claimed at the trial nor was objection made to the court's failure to instruct upon entrapment. We would not ordinarily consider the present claim when not properly premised in the record but are constrained to do so because of the companion claim of lack of adequate representation by trial counsel.

The crux of the government's case rested in the testimony of a "special employee" who was used by government narcotic agents to effectuate several purchases of heroin from appellant. The "special employee" in each instance was searched by a government agent, given fifteen dollars in marked money, allowed to make

contact with appellant while under visual observation by regular agents, and was again searched after making such contact with appellant. Upon this second search the "special employee" was found to have obtained heroin and disposed of the money. He testified:

"I told him (appellant) that I would like to purchase some narcotics, and he said he thought it was possible, and I purchased three capsules of heroin from him."

Appellant did not testify and the informer's version of the purchase remained totally uncontradicted.

We find no merit to the contention that the issue of entrapment rests against this background of events. Rather the circumstances point directly to the establishment of a simple opportunity to commit crime with the appellant subjectively mistaking the safety of the circumstances. This is not entrapment. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Marshall v. United States, 10 Cir., 293 F.2d 561.

 A careful review of the trial proceedings indicates that appellant was adequately represented by trial counsel and that his rights under the Sixth Amendment were not violated. It is true, as present counsel emphasizes, that counsel did not voice a single objection during the course of the trial proceedings. This trial technique may sometimes be indicative of lack of experience but in other circumstances may be the considered practice of the skillful attorney. In the case at bar the prosecution presented a careful and complete case to which appellant apparently had no answer. Neither vigor nor skill can overcome truth. Success is not the test of effective assistance of counsel. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787.

Affirmed.