UNITED STATES of America, Appellee,

v.

Luther HILL, Jr., Appellant.

No. 538–70.

United States Court of Appeals,
Tenth Circuit.

June 4, 1971.

Nathan G. Graham, Tulsa, Okl., for appellee.

Gary P. Sandblom, Denver, Colo., for appellant.

Before HILL, SETH, and COFFIN,* Circuit Judges.

PER CURIAM.

Defendant was convicted of violating 21 U.S.C. § 174, facilitating the sale of heroin, and 26 U.S.C. § 4704(a), dispensing heroin not in the original stamped package. The testimony showed that defendant took money from a government agent and purchased heroin for the agent. There was conflicting testimony on the agent's inducement of defendant to enter into this transaction. The government agent claimed he merely asked defendant to help him obtain some heroin and that defendant willingly acted as a middleman between the agent and the seller. A defense witness claimed that defendant was just getting over the effects of a dosage of heroin when approached by the agent, that the agent told defendant that an addicted girl was sick and needed the drug, and that the agent promised defendant, who was a known addict, part of the heroin. Defendant testified to the same thing and also stated that he had told the agent he was sick and needed heroin.

This testimony necessitated that the jury consider the defense of entrapment. The district court charged the jury as follows:

"The defendant in this case offers by way of defense what is known in law as an unlawful entrapment. The law recognizes two kinds of entrapment, namely, unlawful entrapment and lawful entrapment. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of unlawful entrapment and the law forbids a conviction in such case. The burden of proof is upon the Government to satisfy the jury, beyond a reasonable doubt, that a defendant was not unlawfully entrapped.

"On the other hand where a person already has the readiness and willingness to break the law, the mere fact that law enforcement officers provide what appears to be a favorable opportunity is not a defense, as such, but is a lawful entrapment."

Defendant did not object to this instruction, but he now asserts that it was plain error.

In the recent case of United States v. Hayes, 441 F.2d 542 (10th Cir. 1971),

---

* Of the First Circuit, sitting by designation.

this court held that an instruction almost identical to the two paragraphs quoted above was clearly erroneous and grounds for reversal even though it had not been objected to at trial. We find *Hayes* controlling and hold that the district court's instruction on entrapment was plain error. Fed.R.Crim.P. 52(b).

Reversed and remanded.