UNITED STATES of America,
Plaintiff-Appellee,

v.

Luther HILL, Jr., Defendant-Appellant.

No. 72–1071.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 1972.

Rehearing Denied Nov. 13, 1972.

Douglas McKay Kerr, Denver, Colo., for appellant.

Hubert H. Bryant, Tulsa, Okl. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for appellee.

Before LEWIS, Chief Judge, Mc-WILLIAMS, Circuit Judge, and THEIS, District Judge.

PER CURIAM.

This case reaches us for the second time, defendant's first conviction for violations of the federal narcotics laws, including 26 U.S.C. § 4704(a), having been vacated for trial error in instructions pertaining to the issue of entrapment. United States v. Hill, 10 Cir., 444 F.2d 115. In the instant case, defendant's principal appellate contention is that the trial court erred in refusing to hold that the evidence established the defense of entrapment as a matter of law. We consider the contention to be without merit.

The government's sole witness at the second trial was Eddy Brown, a special agent for the Bureau of Narcotics and Dangerous Drugs. Brown testified that on September 22, 1968, while riding in a car with the defendant and an informant in Tulsa, Oklahoma, he asked the defendant to take him to one Sunny Francis for the purpose of purchasing heroin. The defendant stated he could not do that but replied that he could buy the heroin himself from Francis for Brown. Brown then gave the defendant $25.00 from official government funds. The defendant got out of the car and returned in about five minutes with the heroin. The defendant gave this heroin to Brown. Upon cross-examination Brown repeated his testimony that the defendant himself suggested that he should buy the heroin for Brown.

■ This testimonial evidence, uncontroverted in the record, falls far short of establishing entrapment as a matter of law. It is true that the government agent initially broached the subject of obtaining heroin. However, this action merely provided the opportunity for the defendant's counteroffer and his eventual commission of the crime charged. Additionally, the defendant's self-initiated counteroffer demonstrated his predisposition to dispense and distribute narcotic drugs.

■ To set a fair trap for the "unwary criminal" is not prohibited, Martinez v. United States, 10 Cir., 373 F.2d 810, 812, when the inducement does not extend beyond the creation of an opportunity. Riddle v. United States, 10 Cir., 422 F.2d 1252, 1253–54; Kibby v. United States, 8 Cir., 372 F.2d 598, 602, cert. denied, 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993; see Hester v. United States, 10 Cir., 303 F.2d 47, cert. denied, 371 U.S. 847, 83 S.Ct. 80, 9 L.Ed.2d 82.

■ After this court vacated defendant's first conviction, he filed a pro se motion to be admitted to bail pending trial. The trial court did not act on this motion probably through inadvertence occasioned by the withdrawal of

counsel shortly after the filing was made and the appointment of new counsel. The motion was never urged by either counsel and remained dormant contrary to Rule 46(a), Fed.R.Crim.P. However, this failure in the judicial process is not claimed or shown to have had any effect upon the ultimate determination of defendant's guilt and is not such error as to require present relief. *See* Hyler v. United States, 5 Cir., 402 F.2d 558, 560–61, cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219.

We have considered all other contentions of error made by defendant and determine them to be without merit.

Affirmed.